We move to our fourth case this morning, United States v. Williams Curtis. Mr. Flynn, good morning. Good morning, Your Honors. May it please the Court, my name is Jerry Flynn and I represent Appellate. Let's just hold on one second, I'm sorry. I didn't realize we're still shifting lawyers. I shouldn't have given you the green light here. All right, now you may proceed. Thank you, Your Honor. The sole issue in this appeal is whether the District Court erred when it failed to recognize its authority to reduce Mr. Curtis's sentence in counts three and four of the indictment pursuant to section 404 of the First Step Act. In 2000, Mr. Curtis was convicted in six separate counts in a ten-day jury trial. In count one, he was convicted of conspiracy to possess with the intent to distribute 50 or more grams of crack cocaine. In counts three and four, he was convicted of using a firearm in furtherance of the drug conspiracy that resulted in the deaths of two individuals. The other counts are not relevant to this appeal. In 2010, Congress passed the Fair Sentencing Act to reduce the then-existing disparities between crack and powder cocaine. However, Congress did not make the Fair Sentencing Act retroactive. In 2018, Congress passed the First Step Act. In section 404 of the First Step Act, Congress directed that the Fair Sentencing Act be made retroactive. So can I, I mean, we are actually pretty familiar with the general history of this. I'd like you to clarify for me what exactly it is you're asking for, because I understood at one point in your brief you to be saying that you were not seeking plenary resentencing. But then the rest of your brief seems to discuss the so-called sentencing package doctrine, under which after the legs have been pulled out from under one part of a multi-count sentence, the district court is entitled to look at the sentence as a whole and see if it wants to adjust other parts to achieve what its original sentencing goal was. That's a very long-winded way, I think, of saying plenary resentencing. I mean, I don't know what else it would be. So I'm trying to figure out what you're asking for, if not plenary resentencing, and how the sentencing package doctrine fits with this. Well, Your Honor, as I understand it, plenary resentencing would be a full resentencing where the defendant would be present in court and be entitled to present evidence consistent with the traditional sentencing hearing. In this case, we're asking for more of a hybrid approach, consistent with what was discussed in the Shaw decision. The district court should be permitted to consider any changes in the law consistent with Concepcion and also consider certainly the counts three and four of this indictment, since it was so inextricably linked with count one of the indictment. Right. So that's another question that I'm just seeking my own clarification on, because maybe this is also hybrid, but a significant part of your brief, I thought, took the position that there is no textual basis in either the statute or anywhere else that would be relevant for looking only at grouped offenses for purposes of reevaluating the sentence, and that your position was grouped, non-grouped, you know, they can all be looked at. Then you have maybe it's a backup position where you say, well, grouped is sort of automatically pretty closely related, and then that there are some non-grouped things, such as your situation, where the facts of the thing that's not being grouped are very closely, I hate the inextricably intertwined phrase, but they're very closely related, and so somehow in those very close relationship cases. So how much are we on grouped versus non-grouped versus just the closeness of the factual and legal relation between the two? Well, it's my understanding the government would like to rely on Hudson and create a bright line rule requiring the cases to be grouped under the guidelines. I'm asserting that this court is not limited to the grouping rules within the guidelines and that there are cases similar to this where the facts are so or the counts are so interrelated, the covered counts and the non-covered counts, where it would be appropriate for the court to consider the non-covered counts. But it wouldn't be all cases in which there were a variety of counts, some of which were grouped and ungrouped. It would only be the ones where it was somehow close enough? You are correct, Your Honor, because otherwise clearly Congress didn't intend for every case to be considered and be reconsidered pursuant to this section of the First Step Act. However, under the theories enunciated within the sentencing package doctrine, the district court should be permitted in certain cases like this one where the counts are so connected with each other both at the trial level and at the sentencing level where the district court should be permitted to consider a reduced sentence for the non-covered counts. Permitted being the operative word. The district court certainly doesn't have to, right? Correct, Your Honor. They're definitely connected, right? The 924C or the 924J has a relationship with all the narcotics charges. At the time of the original sentencing, the 924J brought with it a mandatory life sentence, correct? I do not believe that is correct, Your Honor. Is that right? I believe that the district court had authority to sentence, and I'll quote right from the statute here, a term of imprisonment for any term of years or life. Yeah, today that's how it reads, right? I might be mistaken, but I thought it was a mandatory life sentence at the time. If it was, Your Honor, I'm not aware of that, and it would be my mistake. So in a situation where the, I don't know what example, take like an offense against a child that brought a mandatory minimum sentence, and somehow you had a case where there was, count one was all the narcotics-related conduct, and count two was the offense against the child that brought with it the mandatory minimum, a mandatory minimum sentence, you'd say under the rationale here that you are articulating with Judge Wood, no, you can't revisit in any way in determining what reduction on the covered narcotics offenses, whether to reduce a sentence for an offense against a child. Under your hypothetical, no, Your Honor, I don't believe the First Step Act would permit that. However, depending on the specific facts of the case, and that's what we're actually seeking here. So it's the tight relationship as you see it. They may not be part of the same group for guideline purposes, but it's the relationship between 924 and the narcotics trafficking. That is correct, Your Honor. It's an element, right, of the 924, the narcotics trafficking law. Three of the five elements in the 924J required, were connected to the conspiracy count. If you could state your legal rule as succinctly as possible, I would appreciate it. The legal rule, Your Honor? That you're advocating for. I'm advocating for a totality of the circumstances, case-by-case analysis. It's not a legal rule at all. Well, the reality is that I'm asking from this court in Mr. Curtis' case for flexibility. I'm asking for a legal rule or maybe even a standard that stems from an interpretation of the First Step Act. Well, the legal standard would be that the 924 for determining whether a non-covered offense can be resentenced. The non-covered offense would have to be inextricably linked to the covered offense for the court to consider a due sentence under the First Step Act. And what's the source of that inextricably linked standard? I hope the source will be this court, Your Honor. Okay, I'm asking what's the legal source. Your Honor, the argument I'm making is a derivative argument based upon what the standard enunciated by this court in Hudson for covered and non-covered offenses. But it's also a derivative of conception, you know, the idea that district courts do have discretion here. And when you have this close link to the covered offenses, there's no text that says only group defenses, that there's a broader discretion in the district court to consider what's linked closely. That's what I understood. Well, that is correct, Your Honor, and also the explicit language in the First Step Act does not preclude considering non-covered offenses. And the Supreme Court has said don't read new things, don't read extra-textual limitations. Well, that is correct, absolutely. And Congress has done this in the past in similar relationship with 3582C1A2. And if I may, I'd like to reserve the last 30 seconds for a moment. That's fine. Thank you, Your Honor. Mr. Heller. Good morning, Your Honors, and may it please the Court. The test that the Department of Justice proposes for interpreting this non-covered offense if it was part of a single integrated sentencing package with a covered offense, such that one could read the term sentence or reduced sentence in 404B to cover that non-covered offense. So that is the test that the Department proposes and where it links it to the text of the statute. So interesting that you put it that way because you didn't just now say when it's grouped together under the provisions of the U.S. sentencing guidelines. You said part of an integrated sentencing package. Yes, Your Honor. And so would it be the government's position then that something could be part of a sentencing package when, as here, three of the elements of the candidate offense, I'll call it, rest on the facts of a covered offense? I don't think it is here. I think it could be. I think it's helpful, though, to step back. And just because something is part of an integrated sentencing package, that's different from them being integrated for conviction purposes. So please define then for me what you mean by integrated sentencing package. Is there any reason to think that at the time of sentencing the sentences were in any way interdependent? That would normally be shown by the fact that the sentences were grouped. But could there be other, in the record, other statements that were made at the time of sentencing? I believe Dean came out after the Fair Sentencing Act of 2010. But to the extent that not this court but other courts allowed those kinds of things to be taken into account, that a court had discounted a crack sentence in 2007 in another circuit because of the 924C count, those kinds of things. But, I mean, to turn to Judge Scudder's point, look, under Rule 9, Federal Rule of Criminal Procedure 9, you can join counts if there's a common nucleus of facts, if they're related, if there's some relationship between them. And I think the defendant's argument really comes close to that of saying the only reason that you would ever not reduce a sentence is if they never should have been joined under Rule 9 in the first place and nobody ever noticed it. Otherwise, there's always going to be some connection between the counts. That doesn't mean that there was a connection for purposes of sentencing. And it's very clear here, Your Honors, that there wasn't any connection at sentencing. To be sure, the defendant had to be convicted of the drug offenses or had to be held responsible for them, to be held responsible for murder in furtherance of those drug offenses. But what do you make of these murky comments that the judge made at your office is saying, hey, wait a minute, what about the 924Js? What about the 43? I mean, it's a little hard to follow. Well, I mean, take it out of context, I suppose. It's somewhat hard to follow. I think the murkiness was on the part of our attorney, unfortunately. I'm sorry that 20 years later that's created some murkiness. But I don't see any murkiness on Judge Lozano's part. It's 40 and it's 43. Well, you were talking about 40. Oh, that's what you're talking about. You're not talking about this completely separate offense. Judge Scoder, to your question, the guidelines in 2001 were mandatory, mostly mandatory. So for all intents and purposes, the guideline range was going to be life. Yeah, but I think I was wrong. I think I was wrong in what I brought into the argument, and that was I had in my mind, mistakenly, that 924J at the time brought with it a mandatory life sentence. That's not true. It brought with it a term of years up to life, and then the statute says death as well. But that's never on the table here. Right. The only thing 924J does truly is add capital punishment as a potential sentence. It really actually doesn't have any other impact. I mean, what it does, though, of course, for guidelines purposes is instead of your recommending a 5-, 7-, or 10-year sentence, it recommends a life sentence because a murder was committed. Now, at the time, there was a provision within the guideline, I believe it's still there, suggesting that if the defendant didn't commit the murder, you might want to depart downward. And there was a lengthy discussion, if one reads the sentencing transcript, about that. And the sentence, I mean, the point I would look to, Judge Wood, in the sentencing is on pages 72 and 73 of the transcript, where the court is responding to the defendant's argument at the time of I should not get life sentences on these counts. I wasn't the trigger man. I should get a lower sentence. And the court gives a lengthy explanation of why it disagreed with that, why it felt a life sentence was appropriate. In the course of doing that, the court never discusses that this is for a crack offense. The court never discusses the quantity of crack. The court never does any of the kinds of things that the Fair Sentencing Act and the First Step Act are concerned about, that defendants were overpenalized either for having crack convictions or for the quantity of crack that they had. None of that has anything to do with this. These sentences, especially because it was pre-Booker, were treated completely independently. They were not part of a single intertwined sentence. These are murder charges that can be brought federally by virtue of the connection to a drug gang. Yes. Basically. Otherwise, these would have been tried in state court as murder cases, and they would have drawn life sentences in state court in all likelihood. Presumably. In terms of the application of the Sentencing Package Doctrine principles, which it sounds like your interpretation of the First Step Act is based on statutory text as glossed with the Sentencing Package Doctrine principles. Correct me if I'm wrong, but that's what it sounded like. Right. Yes, if the court wants to tie it to Sentencing Package principles, I think Sentencing Package principles do largely explicate what we believe Congress intended when it imposed the statute and when it used that phrase, reduced sentence, as if Sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect. Right. If it's part of the sentence, if the sentence on the murder count were part of a package with a covered offense, you can re-sentence on it. If it's a non-covered offense, it's not part of the same Sentencing Package, the mere fact that they were joined together under Rule 9 doesn't mean that it's the same sentence. Right, and my point is only that murder charges are stand-alone crimes and not connected in a meaningful way to drug trafficking crimes in the way that carrying a gun in furtherance of drug trafficking is. It's a stand-alone punishment for a stand-alone wrong that isn't just an add-on to the drug trafficking crimes. I agree with all of that. I look at it as we look at sentencing. Okay, were they grouped? That's going to be your primary indicator, right? And so I think many courts that aren't faced with this, if it's in the group context, they just shorthand it to grouped. And so there's loose language, right? There's loose language from this court in Hybel. There's loose language in some of the other opinions that this court has cited from other circuits. Because when you're looking at counts that are related, it's just like, yeah, in the normal case, most of the time the sentencing commission and the sentencing guidelines suggest that things are grouped. Here they're not. This is a stand-alone. The way that it's been treated statutorily for sentencing purposes, 924C, they have separate sentences. So you're just not going to reduce them. And so you're saying, if I'm understanding correctly, that at the time of the original sentencing, you need to look for some hint that the original sentencing judge was weighing one aspect of the crime against another. Because with this sentence, as though the first, you know, the Fair Sentencing Act was in effect, would allow reopening of a sentencing package if there had been a sentencing package to begin with. But you just don't think, based on Judge Lozano's comments and so on, that he was, in this particular instance, seeing these drug – I mean, it seems to me these drug murders were part of the drug conspiracy. I don't see them as just sort of random. They were for conviction purposes. But for sentencing purposes, they weren't connected in any way. That's our reading of the sentencing transcript. I mean, I think – I don't think there's actually that much discrepancy between our legal positions. I mean, I'm sure Mr. Flynn will correct me if there's something that he sees differently. I think our primary dispute, at least in our initial briefs, was factual in nature. He sees something in the record, and I don't see anything there that suggests that there's murkiness that these were in any way tied together. Mr. Hollick, give me the benefit of your thinking on what relevance or what relationship the court's holdings in both Dean and Concepcion have in the analysis here, if any. Well, I think Dean – I'm not sure either one has any relevance. Concepcion is – there's a two-step question. Are you eligible? And then what discretion do you have once you are eligible? And Dean, I think, also is really a discretion case. Dean and Concepcion are both step two cases. The defendant is eligible. In Concepcion, the defendant was eligible for reduction. Now, once we've said, okay, we can look at this, now we throw the world open and you can look at everything. Dean, I think the same thing. I mean, there's some discretion in setting a sentencing package, and here's what it is. Here there was no sentencing package. Here there was no relationship. So we don't get to that stage. We don't get to step two because this is a step one eligibility case. And it's not so plenary. In other words, it doesn't have so much breadth in terms of what sentencing reduction as to extend to, reach, cover the 924J for sentencing purposes here. I agree with that. Well, yeah. I mean, Concepcion has some broad language in it. It absolutely does, and it's at the second stage. The defendant has been found eligible. I mean, covered offense is the magic word. Once we have a covered offense, you can reduce the sentence as if. So once we're a covered offense or we're part of an integrated sentencing package with the covered offense, then under Concepcion, I mean subject I think to the mandatory minimum and statutory maximum and the fact that you can only reduce, the world is the district judge's court. But we're not there. We're not at that step. I mean, if he gets in the door, then he can go make whatever arguments he wants to make, but he can't get in the door. If the court has no further questions, I see I'm out of time. Thank you. The judgment should be affirmed. Mr. Flynn. Thank you, Your Honor. The standard enunciated by the government is acceptable to the defense in the sense that they're not tying this case to covered and non-covered and grouping under the guidelines. Judge Lozano, it was a murky sentencing. He did not calculate the guidelines for the 924J counts like he should have, and the prosecutor referenced cross-references. So there was definitely murkiness. It was a different sentencing scheme at that time. Concepcion has changed the, well, there's a series of cases that have evolved that it was a totally different sentencing scheme when Mr. Flynn was sentenced, and to try to say that Judge Lozano was not viewing them together and would not, and a new judge taking a fresh look is simply something that we can't assume. Is this a step one or a step two case? This is a step one case. So this turns on his eligibility for a new sentence for the murder counts? Murder counts that were inextricably linked to the drug conspiracy, yes. Thank you. Thank you. All right, thanks to both counsel. The case is taken under advisement.